# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **JONATHAN ALSTON,** | ) | |
| **DEREK ANDERSON, and** | ) | |
| **HENRY MCCLOUD, III,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action No.** _____ |
| | ) | |
| **v.** | ) | ***JURY TRIAL DEMANDED*** |
| | ) | |
| **ATLANTA INDEPENDENT** | ) | |
| **SCHOOL SYSTEM** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

**COMES NOW** Plaintiffs Jonathan Alston, Derek Anderson, and Henry McCloud, III, employees of the Atlanta Independent School System ("AISS"), and file this Complaint against AISS by and through their undersigned counsel.

## INTRODUCTION – NATURE OF THE ACTION

1.

This case arises out of Defendant AISS's failure to pay overtime compensation to each of the Plaintiffs who, during each of the relevant years for which overtime accrued, were classified as "non-exempt" by AISS, and were, in

- 1 -

fact, "non-exempt" pursuant to the federal Fair Labor Standards Act (FLSA) and the equivalent wage and hour protections incorporated into the law.

Plaintiffs were all classified by AISS as IT3 Network Administrators with responsibility for maintaining computer connectivity of departmental network users to AISS's computer systems.  The Plaintiffs did not have responsibility for supervising other employees.

On or about October 2, 2009, Information Technology Director Sam Pointer sent a Memorandum to Plaintiff McCloud reassuring Plaintiffs that they were, in fact, classified as "non-exempt" and that AISS would "pay employees for all overtime hours worked…"

On April 30, 2010, AISS's Director of Employee Benefits and Risk Management, Jeff E. Thomas, also sent letters acknowledging and reassuring Plaintiffs that each of the Plaintiffs held a "non-exempt position and is eligible for overtime."

Each of the Plaintiffs held FLSA non-exempt positions at least from 2002-2003 school year through the present.  Nevertheless, defendants wrongfully and willfully either misclassified these employees as exempt from overtime under the

- 2 -

Fair Labor Standards Act and/or, during those years, willfully failed/refused to compensate them for hours over 40 hours worked in any given week, much less provide the required time and a half overtime pay, despite the fact they were "non-exempt."

2.

Plaintiffs sue on behalf of themselves pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. This action claims that Defendant AISS has violated the wage and hour provisions of the FLSA by depriving plaintiffs of their lawful overtime wages.

3.

Accordingly, Defendant AISS is liable for failing to pay Plaintiffs for all hours worked in excess of 40 hours per week at a rate of 1 ½ times their regular rate of pay.

4.

Plaintiffs seek unpaid compensation, an equal amount of liquidation damages and/or pre-judgment interest, punitive damages as appropriate remedy for Defendant's retaliatory actions, and attorney's fees and costs pursuant to **29 U.S.C. § 216(b)**.

## JURISDICTION

### 5.

Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this Complaint for unpaid overtime wages pursuant to the FLSA.

## VENUE

### 6.

Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1) because AISS is a public government entity located in the State of Georgia and within the Northern District of Georgia.

### 7.

Venue is also proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this Complaint occurred within the Northern District of Georgia.

## PARTIES

### 8.

Plaintiff Jonathan Alston  is an individual, a citizen of the State of Georgia and resides at 797 Preserve Park Drive, Loganville, GA 30052.

9.

Plaintiff Derek Anderson is an individual, a citizen of the State of Georgia and resides at 7395 Connell Road, Fairburn, GA 30213.

10.

Plaintiff Henry McCloud, III, is an individual, a citizen of the State of Georgia and resides at 1648 Omara Lane, Smyrna, , GA 30082.

11.

AISS is an independent public school system of the State of Georgia created by local legislation.  AISS may be served through its Superintendent of Schools, Beverly Hall, or her designee AISS General Counsel Veleter Mazyck, at Atlanta Public Schools, 130 Trinity Avenue, Atlanta, GA 30303.

**FACTUAL BACKGROUND**

12.

At all relevant times since at least 2002-2003, AISS employed, and continues to employ, all the Plaintiffs at the IT3 classification, which currently has the title "Network Administrator."

13.

On or about March 26, 1996, Plaintiff Alston was hired by AISS. Throughout Alston's employment with AISS, he has worked at AISS's Atlanta, Georgia office / location.

14.

Since at least the 2002-2003 school year, Alston has been employed with AISS as an IT3 "Network Administrator" or "Network Specialist."

15.

Throughout Alston's employment with AISS, his primary or exclusive duty has been providing computer services.

16.

Throughout Alston's employment with AISS, he has not customarily or regularly directed the work of at least two or more other full-time employees or their equivalent.

17.

Throughout Alton's employment with AISS, he has not had the authority to hire or fire any other employee.

- 6 -

18.

Throughout Alston's employment with AISS, he has not provided suggestions or recommendations as to the hiring, firing, advancement, promotion or any other change of status of any other employee.

19.

Throughout Alston's employment from the 2002-2003 school year to the present with AISS, his primary job has not been to, and has not included the, exercise of discretion and independent judgment with respect to matters of significance.

20.

Throughout Alston's employment from 2002-2003 with AISS, his primary job has not been, and has not included, the performance of work requiring advanced technical knowledge, defined as work which has been predominately intellectual in character and which has included work requiring the consistent exercise of discretion and judgment.

21.

Throughout Alston's employment from 2002-2003 with AISS, his primary job has not been, and has not included, the performance of work requiring invention, imagination, originality or talent in a recognized field or artistic or creative endeavor.

22.

Throughout Alston's employment with AISS, AISS has regularly suffered or permitted Alston to work in excess of forty hours per work week.   Throughout Alston's employment, AISS has kept inaccurate, inadequate, or incomplete records of Alston's overtime hours.

23.

Throughout Alston's employment with AISS, AISS has willfully failed and refused to pay Alston one and one half times his regular rate for hours that he has worked in excess of forty hours per work week in violation of the FLSA.

24.

Throughout Alston's employment with AISS, AISS has acknowledged and admitted in writing that Alston is non-exempt and, therefore, entitled to overtime, but has failed to pay any of such valid, required overtime in violation of the FLSA.

25.

On or about March 26, 1996, Plaintiff Anderson was hired by AISS. Throughout Anderson's employment with AISS, he has worked at AISS's Atlanta, Georgia office / location.

26.

Since at least the 2002-2003 school year, Anderson has been employed with AISS as an IT3 "Network Administrator" or "Network Specialist."

27.

Throughout Anderson's employment with AISS, his primary or exclusive duty has been providing computer services. Throughout Anderson's employment with AISS, he has not customarily or regularly directed the work of at least two or more other full-time employees or their equivalent.

28.

Throughout Anderson's employment with AISS, he has not had the authority to hire or fire any other employee.

29.

Throughout Anderson's employment with AISS, he has not provided suggestions or recommendations as to the hiring, firing, advancement, promotion or any other change of status of any other employee.

30.

Throughout Anderson's employment from the 2002-2003 school year to the present with AISS, his primary job has not been to, and has not included the, exercise of discretion and independent judgment with respect to matters of significance.

31.

Throughout Anderson's employment from 2002-2003 with AISS, his primary job has not been, and has not included, the performance of work requiring advanced technical knowledge, defined as work which has been predominately intellectual in character and which has included work requiring the consistent exercise of discretion and judgment.

32.

Throughout Anderson's employment from 2002-2003 with AISS, his primary job has not been, and has not included, the performance of work requiring

invention, imagination, originality or talent in a recognized field or artistic or creative endeavor.

33.

Throughout Anderson's employment with AISS, AISS has regularly suffered or permitted Anderson to work in excess of forty hours per work week. Throughout Anderson's employment, AISS has kept inaccurate, inadequate, or incomplete records of Anderson's overtime hours.

34.

Throughout Anderson's employment with AISS, AISS has willfully failed and refused to pay Anderson one and one half times his regular rate for hours that he has worked in excess of forty hours per work week in violation of the FLSA.

35.

Throughout Anderson's employment with AISS, AISS has acknowledged and admitted in writing that Anderson is non-exempt and, therefore, entitled to overtime, but has failed to pay any of such valid, required overtime in violation of the FLSA.

36.

On or about January 28, 2000, Plaintiff McCloud was hired by AISS. Throughout Alston's employment with AISS, he has worked at AISS's Atlanta, Georgia office / location.

37.

Since 2002-2003 school year, McCloud has been employed with AISS as an IT3 "Network Administrator" or "Network Specialist."

38.

Throughout McCloud's employment with AISS, his primary or exclusive duty has been providing computer services.

39.

Throughout McCloud's employment with AISS, he has not customarily or regularly directed the work of at least two or more other full-time employees or their equivalent.

40.

Throughout McCloud's employment with AISS, he has not had the authority to hire or fire any other employee.

41.

Throughout McCloud's employment with AISS, he has not provided suggestions or recommendations as to the hiring, firing, advancement, promotion or any other change of status of any other employee.

42.

Throughout McCloud's employment from the 2002-2003 school year to the present with AISS, his primary job has not been to, and has not included the, exercise of discretion and independent judgment with respect to matters of significance.

43.

Throughout McCloud's employment from 2002-2003 with AISS, his primary job has not been, and has not included, the performance of work requiring advanced technical knowledge, defined as work which has been predominately intellectual in character and which has included work requiring the consistent exercise of discretion and judgment.

44.

Throughout McCloud's employment from 2002-2003 with AISS, his primary job has not been, and has not included, the performance of work requiring

invention, imagination, originality or talent in a recognized field or artistic or creative endeavor.

45.

Throughout McCloud's employment with AISS, AISS has regularly suffered or permitted McCloud to work in excess of forty hours per work week. Throughout McCloud's employment, AISS has kept inaccurate, inadequate, or incomplete records of McCloud's overtime hours.

46.

Throughout McCloud's employment with AISS, AISS has willfully failed and refused to pay McCloud one and one half times his regular rate for hours that he has worked in excess of forty hours per work week in violation of the FLSA.

47.

Throughout McCloud's employment with AISS, AISS has acknowledged and admitted in writing that McCloud is non-exempt and, therefore, entitled to overtime, but has failed to pay any of such valid, required overtime in violation of the FLSA.

## CLAIMS / CAUSES OF ACTION

## WILLFUL FAILURE AND REFUSAL TO PAY OVERTIME

## VIOLATION OF THE FLSA

### 48.

Plaintiffs reallege and incorporate as if fully set forth herein the allegations set forth in all of the above paragraphs.

### 49.

AISS regularly suffers or permits / regularly suffered or permitted Plaintiffs to work in excess of forty hours per work week in violation of the FLSA.

### 50.

AISS has willfully failed and refused to pay Plaintiffs one and one half times their regular rate for hours that they worked in excess of forty hours per work week in violation of the FLSA.

### 51.

AISS has willfully failed and refused to pay Plaintiffs one and one-half time their regular rate for hours that they worked in excess of forty hours per week

- 15 -

despite acknowledging and admitting in writing that at the times relevant to this lawsuit Plaintiffs were classified as "non-exempt."

52.

As a result of AISS willful violations of the FLSA, Plaintiffs have suffered damages.

## RETALIATION CAUSE OF ACTION

53.

Plaintiffs reallege and incorporate as if fully set forth herein the allegations set forth in all of the above paragraphs.

54.

After raising and pursuing their valid claims through their supervisors and AISS Human Resources, the AISS Human Resources Director retaliated willfully and in bad faith against Plaintiffs by reclassifying them on March 2, 2010 as "exempt" despite the prior and correct written notifications that they were "non-exempt."   Plaintiffs have felt harassed, threatened, and mislead in their employment for having legitimately requested and pursued their compensable overtime.  Defendant's actions constitute materially adverse actions against

Plaintiffs in their employment, justifying a finding of retaliation and award of compensatory, liquidated, and punitive damages.

## STATUTE OF LIMITATIONS WAIVER/ESTOPPEL

55.

Plaintiffs reallege and incorporate as if fully set forth herein the allegations set forth in all of the above paragraphs.

56.

Since at least October 2, 2009 when IT Director Sam Pointer sent a letter acknowledging and reassuring Plaintiffs that they were "non-exempt" and would be paid for all their overtime hours, Defendant's representatives engaged in a pattern of behavior and/or acts designed to lull Plaintiffs into believing that all their overtime hours would be paid from 2002-2003 to the present. Among other things, Defendant induced Plaintiffs to submit proof of their overtime hours from 2002-2003 through 2009-2010 under pretext that Defendant would pay all such documented, overtime hours for all such years.

57.

Defendant's actions were knowingly designed to lead the Plaintiffs into believing that it was unnecessary to commence litigation under the FLSA to recover their lawful compensation for their overtime hours.

58.

As a result of Defendant's deliberate actions, Plaintiffs are entitled to an extended statute of limitations period.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Alston, Anderson, and McCloud, pray for the following relief:

(a)     That the Court find that AISS regularly suffers or permits / suffered or permitted Plaintiffs to work in excess of forty hours per workweek in violation of the FLSA;

(b)     That the Court find that AISS has willfully failed and refused to pay Plaintiffs one and one half times their regular rate for hours that they worked in excess of forty hours per workweek in violation of the FLSA;

(c)     That the Court find that Defendants has willfully ignored its own admitted/acknowledged classification of Plaintiffs as "non-exempt" and is, therefore, in violation of the FLSA;

(d)     That the Court award Plaintiffs all of their unpaid overtime pursuant to the FLSA;

(e)     That the Court award Plaintiffs liquidated damages in an amount equal to the amount of their unpaid overtime pursuant to the FLSA;

(f)     That the Court award Plaintiffs punitive damages for Defendant's retaliatory reclassification of Plaintiffs as exempt and for other good cause;

(g)     That the Court order AISS to cease and desist from violating the FLSA as alleged in this Complaint, and to comply with the FLSA;

(h)     That the Court award Plaintiffs all of their attorneys' fees and costs pursuant to the FLSA and/or other applicable law;

(i)     That the Court award Plaintiffs such other and further relief as the Court deems just, proper or appropriate.

### *JURY TRIAL DEMANDED*

Respectfully submitted this the ____ day of January, 2011.

Michael E. Kramer
Georgia Bar No. 428976
mekramer@buckleyklein.com

BUCKLEY & KLEIN, LLP                  Counsel for Plaintiff
1180 W. Peachtree St., Suite 1100
Atlanta, GA  30309
Telephone: (404) 781-1100
Facsimile: (866) 589-4089

### CERTIFICATION OF COUNSEL

Pursuant to Local Rule 7.1, N.D. Ga., the undersigned counsel certifies that

this document was prepared with Times New Roman (14 point), one of the font

and point selections approved by the Court in Local Rule 5.1B, N.D. Ga.

Respectfully submitted this the ____ day of January, 2011.

Michael E. Kramer
Georgia Bar No. 428976
mekramer@buckleyklein.com

BUCKLEY & KLEIN, LLP
Atlantic Center Plaza
1180 W. Peachtree St.
Suite 1100
Atlanta, GA  30309
Telephone: (404) 781-1100
Facsimile: (866) 589-4089